140. Also on April 3, 2003, the Commonwealth filed a *nolle prosequi* as to each of Maher's indictments.

141. As to all of the Ayer charges, the Commonwealth stated in the *nolle prosequi* that the newly discovered evidence "now demonstrates that the defendant did not commit the crimes in Ayer on August 17, 1983."

142. As to all of the charges for the crimes against Lowell Victim 1, the Commonwealth stated in the *nolle prosequi* that the newly discovered evidence "now demonstrates that the defendant did not commit the crimes."

143. As to the Lowell Victim 2 charges, the Commonwealth stated in the *nolle prosequi* that the newly discovered evidence "now creates reasonable doubt as to whether the defendant committed the crimes."

144. On April 3, 2003, the Commonwealth filed a Motion to Vacate Order of Civil Commitment as to Maher. The Motion was granted.

145. On April 3, 2003, after serving 19 years, 2 months, and 29 days for three crimes he did not commit, Maher was released from confinement.

## DAMAGES

146. As a direct result of the defendants' unconstitutional actions, Maher sustained the following injuries and damages: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; injury to reputation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom, such as diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic

- 21 -

opportunity, personal fulfillment, sexual activity, family relations, reading, entertainment, travel, enjoyment, and expression.

## CAUSES OF ACTION

### Count I -- 42 U.S.C. § 1983

#### Due Process Claims Against Defendants Davis, Sheehan, Grant And Lowell Doe Defendants For Failing To Disclose Evidence, For Fabricating Evidence And For Failure to Investigate

147. Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

#### A.    Fourteenth Amendment Brady Claims

148. Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, who were members of the Lowell Police Department charged with investigating the crimes against Lowell Victim 1 and Lowell Victim 2, failed to disclose to the prosecutor and Maher's defense attorney material information that was favorable to Maher. This undisclosed information included: the fact that on November 17, 1983, Maher informed them that he had been in his Commanding Officer's office until 5:15 p.m. on the date of the Lowell Victim 1 attack, and that Lowell Victim 1 stated two hours after the rape that she was attacked at 5:20 p.m., not 5:40 p.m.; and the fact that forensic tests performed on Lowell Victim 1's underpants revealed evidence of semen or seminal fluid.

149. Acting with deliberate indifference by withholding this material exculpatory and impeachment evidence prior to trial, Defendants Davis, Sheehan, Grant and Lowell Doe Defendants violated Maher's clearly established Fourteenth Amendment right to due process of law as interpreted by the United States Supreme Court in Brady v. Maryland and its progeny, which entitles every citizen, when charged with a crime, not to have evidence favorable to him

- 22 -

suppressed. The suppression of evidence in this case directly and proximately caused Maher to be wrongly convicted and to suffer the injuries and damages described above.

## B.   Fabricating False Inculpatory Evidence

150.   On information and belief, Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, who were charged with investigating the crimes against Lowell Victim 1 and Lowell Victim 2, deliberately and/or recklessly fabricated false inculpatory evidence and information, including, without limitation, evidence undermining Maher's truthful alibi for the crime against Lowell Victim 1.

151.   As a direct and proximate result of this fabrication of inculpatory evidence and information by Defendants Davis, Sheehan, Grant and Lowell Doe Defendants (violating Maher's clearly established Fourteenth Amendment due process rights, including the right to a fair trial and his Fourth Amendment right to be free from unreasonable seizures), Maher was wrongly convicted and suffered the injuries and damages described above.

## C.   Failure To Investigate

152.   Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, who were charged with investigating the crimes against Lowell Victim 1 and Lowell Victim 2, deliberately and/or recklessly failed to investigate adequately, as any minimally competent officer or forensic scientist would have, by, among other things, failing to investigate Maher's whereabouts at the time Lowell Victim 1 was attacked, and failing to test the biological evidence from the perpetrator of the Lowell Victim 1 crime. Moreover, these defendants prematurely ended their investigation even though there were grave problems with the victim's purported identification of Maher, including, without limitation: Lowell Victim 1 describing her attacker as a person without a mustache, given that defendants knew Maher wore a pronounced mustache on the date

- 23 -

of the attack; Lowell Victim 2's identification of someone other than Maher in the November 18, 1983 "show up"; and the impossibility of Maher leaving Fort Devens in Ayer after 5:15 p.m. on November 16, 1983 and arriving at Westford Street in Lowell by 5:20 p.m. to rape Lowell Victim 1.

153.    As a direct and proximate result of the failure to investigate by Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, in violation of his clearly established Fourteenth Amendment rights, Maher was wrongly convicted and suffered the injuries and damages set forth above.

## Count II -- 42 U.S.C. § 1983

### Due Process Claims Against Defendant Taylor And Ayer Doe Defendants For Failing To Disclose Evidence, For Fabricating Evidence, And For Failure To Investigate

154.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

### A.    Fourteenth Amendment Brady Claims

155.    Defendant Taylor and Ayer Doe Defendants, who were members of the Ayer Police Department charged with investigating the crimes against the Ayer Victim, failed to disclose to the prosecutor and Maher's defense attorney material information that was favorable to Maher. This undisclosed information included the fact that Richard Nichols provided false information leading to the identification of Maher as the perpetrator of the Ayer rape.

156.    Acting with deliberate indifference by withholding this material exculpatory and impeachment evidence prior to trial, Defendant Taylor and Ayer Doe Defendants violated Maher's clearly established Fourteenth Amendment right to due process of law as interpreted by the United States Supreme Court in Brady v. Maryland and its progeny, which entitles every

- 24 -

citizen, when charged with a crime, not to have evidence favorable to him suppressed. The suppression of evidence in this case directly and proximately caused Maher to be wrongly convicted and to suffer the injuries and damages described above.

**B.    Fabricating False Inculpatory Evidence**

157.    On information and belief, Defendant Taylor and Ayer Doe Defendants, who were charged with investigating the crimes against the Ayer Victim, deliberately and/or recklessly fabricated false inculpatory evidence and information, including, without limitation, evidence that falsely placed Maher in the area of the crime on or about the date of the crime.

158.    As a direct and proximate result of this fabrication of inculpatory evidence and information by Defendant Taylor and Ayer Doe Defendants (violating Maher's clearly established Fourteenth Amendment due process rights, including the right to a fair trial and his Fourth Amendment right to be free from unreasonable seizures), Maher was wrongly convicted and suffered the injuries and damages described above.

**C.    Failure to Investigate**

159.    Defendant Taylor and Ayer Doe Defendants, who were charged with investigating the crimes against the Ayer Victim, deliberately and/or recklessly failed to investigate adequately, as any minimally competent officer would have, by, among other things, failing to perform forensic tests on the biological evidence from the perpetrator of the Ayer crime, and corroborating the information purportedly provided by Richard Nichols, which was easily determined to be demonstrably false. Moreover, these defendants prematurely ended their investigation even though there were grave problems with the victim's purported identification of Maher, including, without limitation, the non-credible testimony of Richard Nichols.

160.    As a direct and proximate result of the failure to investigate by Defendant Taylor and Ayer Doe Defendants, in violation of his clearly established Fourteenth Amendment rights, Maher was wrongly convicted and suffered the injuries and damages set forth above.

### Count III -- 42 U.S.C. § 1983

### Claims Against Defendants Davis, Sheehan And Lowell Doe Defendants For Unduly Suggestive Identification Procedures

161.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

162.    Defendants Davis, Sheehan, Grant and Lowell Doe Defendants conducted improper identification procedures with Lowell Victim 1 and Lowell Victim 2. On information and belief, this includes, without limitation:

        A.    Convincing Lowell Victim 1 that Maher was her attacker despite the fact that Lowell Victim 1's initial description of her attacker was of a tall, white male who did not have a mustache;

        B.    Convincing Lowell Victim 2 that Maher was her attacker despite the fact that the morning after her attack Lowell Victim 2 identified someone other than Maher at an in-person "show up" conducted by Defendants;

        C.    Conducting a line up identification where Maher was the only suspect with a wooden chair placed in front of him.

163.    Defendants Davis, Sheehan and Lowell Doe Defendants committed these unduly suggestive acts intentionally and with deliberate indifference to Maher's clearly established constitutional rights. No reasonable officer would have believed that these procedures were lawful or would produce a reliable identification.

164.    As a direct and proximate result of defendants' use of unduly suggestive

identification procedures, Lowell Victim 1 and Lowell Victim 2 misidentified Maher at trial in

violation of his clearly established Fourteenth Amendment right to a fair trial, and his right not to

be deprived of liberty without due process of law. As a result, Maher suffered more than 19

years of wrongful imprisonment and suffered the injuries and damages described above.

### Count IV -- 42 U.S.C. § 1983

### Claims Against Defendant Taylor And Ayer Doe Defendants
### For Unduly Suggestive Identification Procedures

165.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein

and further alleges as follows:

166.    Defendant Taylor and Ayer Doe Defendants conducted improper identification

procedures with the Ayer Victim. On information and belief, this includes, without limitation,

convincing the Ayer Victim that Maher was her attacker despite the fact that he was not and

despite the fact that the Ayer Victim repeatedly expressed uncertainty regarding her

identification of Maher.

167.    Defendant Taylor and Ayer Doe Defendants committed these unduly suggestive

acts intentionally and with deliberate indifference to Maher's clearly established constitutional

rights. No reasonable officer would have believed that these procedures were lawful or would

produce a reliable identification.

168.    As a direct and proximate result of defendants' use of unduly suggestive

identification procedures, the Ayer Victim misidentified Maher at trial in violation of his clearly

established Fourteenth Amendment right to a fair trial, and his right not to be deprived of liberty

without due process of law. As a result, Maher suffered more than 19 years of wrongful

imprisonment and suffered the injuries and damages described above.

### Count V -- 42 U.S.C. § 1983

#### Claims Against Defendants Davis, Sheehan, Grant And
#### Lowell Doe Defendants For Malicious Prosecution

169.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

170.    Maher was arrested without sufficient evidence that he was involved in the attacks against Lowell Victim 1 and Lowell Victim 2. Moreover, defendants had exculpatory information that they ignored (including, without limitation, Lowell Victim 1's description of her attacker as not having a mustache, Lowell Victim 2's selection of a man other than Maher at the "show up" on the day after her attack, and the fact that, based on his alibi, which could have easily been confirmed, Maher could not have committed the rape of Lowell Victim 1 given his whereabouts at the time of the attack). Accordingly, there was no probable cause to arrest Maher.

171.    Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, each of whom was involved in the investigation into the attacks on Lowell Victim 1 and Lowell Victim 2 and all state actors acting under color of law, commenced or caused to be commenced a criminal prosecution, instituted with malice and without probable cause against Maher. As set forth above, they together constructed a case against Maher by suppressing, fabricating, failing to disclose, and/or failing to investigate important evidence, and, ultimately, won convictions.

172.    The criminal actions terminated in Maher's favor on April 3, 2003, when Maher's convictions were vacated on the grounds of his actual innocence, due to conclusive scientific evidence that the perpetrator's DNA did not match Maher.

- 28 -

173.     The conduct of Defendants Davis, Sheehan, Grant and Lowell Doe Defendants

violated Maher's clearly established rights under the Fourth Amendment and the procedural due

process component of the Fourteenth Amendment.

174.     As a proximate result of the above-referenced conduct, Maher was arrested, was

prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly

imprisoned for more than 19 years. He suffered and continues to suffer the injuries and damages

set forth above.

### Count VI -- 42 U.S.C. § 1983

### Claims Against Defendant Taylor And
### Ayer Doe Defendants For Malicious Prosecution

175.     Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein

and further alleges as follows:

176.     Maher was arrested without sufficient evidence that he was involved in the attack

against the Ayer Victim. Moreover, defendants had exculpatory information that they ignored

(including, without limitation, the fact that the Ayer Victim was uncertain in her identification,

and the fact that an important witness was providing false information to help inculpate Maher).

Accordingly, there was no probable cause to arrest Maher.

177.     Defendant Taylor and Ayer Doe Defendants, each of whom was involved in the

investigation into the attack on the Ayer Victim and all state actors acting under color of law,

commenced or caused to be commenced a criminal prosecution, instituted with malice and

without probable cause against Maher. As set forth above, they together constructed a case

against Maher by suppressing, fabricating, failing to disclose, and/or failing to investigate

important evidence, and, ultimately, won a conviction.

178.    The criminal actions terminated in Maher's favor on April 3, 2003, when Maher's convictions were vacated on the grounds of his actual innocence, due to conclusive scientific evidence that the perpetrator's DNA did not match Maher.

179.    The conduct of Defendant Taylor and Ayer Doe Defendants violated Maher's clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

180.    As a proximate result of the above-referenced conduct, Maher was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly imprisoned for more than 19 years.  He suffered and continues to suffer the injuries and damages set forth above.

## Count VII -- 42 U.S.C. § 1983

## Monell Claim Against The City Of Lowell And The Lowell Police Department

181.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

182.    By November 1983, the defendants City of Lowell and the Lowell Police Department had a policy, custom, or practice of failing to properly discipline, supervise and train Lowell police officers including the individuals named in this case.  The City of Lowell and the Lowell Police Department failed to ensure that its police officers would conduct constitutionally adequate identification procedures; obtain probable cause to ensure that suspects would not be falsely arrested and maliciously prosecuted; disclose to prosecutors material information favorable to criminal defendants; follow the duties imposed by Brady v. Maryland; and never fabricate inculpatory evidence.

- 30 -

183. These policies, customs and practices led Lowell police officers to believe that misconduct would be tolerated and that allegations of abuse of constitutional rights would not be investigated. They made it foreseeable that officers would violate people's constitutional rights.

184. The policies, customs and practices of the City of Lowell and the Lowell Police Department described in this complaint were the moving force behind Maher's arrest, prosecution and incarceration.

## Count VIII -- 42 U.S.C. § 1983

### Monell Claim Against The Town Of Ayer And The Ayer Police Department

185. Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

186. By August 1983, the defendants Town of Ayer and the Ayer Police Department had a policy, custom, or practice of failing to properly discipline, supervise and train Lowell police officers including the individuals named in this case. The Town of Ayer and the Ayer Police Department failed to ensure that its police officers would conduct constitutionally adequate identification procedures; obtain probable cause to ensure that suspects would not be falsely arrested and maliciously prosecuted; disclose to prosecutors material information favorable to criminal defendants; follow the duties imposed by Brady v. Maryland; and never fabricate inculpatory evidence.

187. These policies, customs and practices led Ayer police officers to believe that misconduct would be tolerated and that allegations of abuse of constitutional rights would not be investigated. They made it foreseeable that officers would violate people's constitutional rights.

- 31 -

188.    The policies, customs and practices of the Town of Ayer and the Ayer Police
Department described in this complaint were the moving force behind Maher's arrest,
prosecution and incarceration.

### Count IX -- 42 U.S.C. § 1983

### Claims Against Ayer Doe Defendants
### For Supervisory Liability

189.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein
and further alleges as follows:

190.    Ayer Doe Defendants, supervisors in the APD, acting under color of law with
deliberate indifference to the rights of criminal suspects, failed to train and supervise adequately
Defendant Taylor and Ayer Doe Defendants.  In doing so, Ayer Doe Defendants tacitly
acquiesced in, condoned, or encouraged Defendant Taylor and Ayer Doe Defendants to engage
in unconstitutional misconduct, including the erroneous identification of Maher as the Ayer
Victim's attacker, the suppression of exculpatory evidence, and other conduct set forth above.

191.    The failure of these defendants to supervise and train Defendant Taylor and Ayer
Doe Defendants amounted to deliberate indifference, or intentional misconduct, which
proximately and directly caused Maher to suffer all of the injuries and damages set forth above.

### Count X -- 42 U.S.C. § 1983

### Claims Against Lowell Doe Defendants
### For Supervisory Liability

192.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein
and further alleges as follows:

193.    Lowell Doe Defendants, supervisors in the LPD, acting under color of law with
deliberate indifference to the rights of criminal suspects, failed to train and supervise adequately

Defendants Davis, Sheehan and Lowell Doe Defendants. In doing so, Lowell Doe Defendants tacitly acquiesced in, condoned, or encouraged Defendants Davis, Sheehan and Lowell Doe Defendants to engage in unconstitutional misconduct, including the erroneous identification of Maher as the Lowell Victim 1 and Lowell Victim 2 attacker, the suppression of exculpatory evidence, and other conduct set forth above.

194. The failure of these defendants to supervise and train Defendants Davis, Sheehan and Lowell Doe Defendants amounted to deliberate indifference, or intentional misconduct, which proximately and directly caused Maher to suffer all of the injuries and damages set forth above.

## Count XI -- 42 U.S.C. § 1983

### Conspiracy Claims Against Defendants Davis, Sheehan, Grant, Taylor And All Doe Defendants

195. Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

196. Defendants Davis, Sheehan, Grant, Taylor and all Doe Defendants acted in concert to deprive Maher of his constitutional due process rights by, among other things, suppressing, fabricating, failing to disclose, and/or failing to properly investigate the claims against Maher.

197. On information and belief, Defendants affirmatively agreed to act together in, among other things, the misidentification of Maher, in failing to investigate other exculpatory leads and in suppressing evidence helpful to Maher. By doing so, defendants agreed to deprive Maher of his clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

- 33 -

198. On information and belief, in furtherance of the conspiracy, defendants undertook overt acts referenced above.

199. Defendants' conspiracy directly caused the constitutional deprivations suffered by Maher's false arrest, malicious prosecution, unfair trial, wrongful conviction and unlawful confinement, and all the other grievous permanent damages set forth above.

## Count XII -- State Tort Law

### Claims Against Defendants Davis, Sheehan, Grant And Lowell Doe Defendants For Malicious Prosecution And Abuse Of Process

200. Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

201. Maher was arrested without sufficient evidence that he was involved in the attacks against Lowell Victim 1 and Lowell Victim 2. Moreover, defendants had exculpatory information that they ignored (including, without limitation, Lowell Victim 1's description of her attacker as not having a mustache, Lowell Victim 2's selection of a man other than Maher at the "show up" on the day after her attack, and the fact that, based on his alibi, which could have easily been confirmed, Maher could not have committed the rape of Lowell Victim 1 given his whereabouts at the time of the attack). Accordingly, there was no probable cause to arrest Maher.

202. Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, each of whom was involved in the investigation into the attacks on Lowell Victim 1 and Lowell Victim 2 and all state actors acting under the color of law, commenced or caused to be commenced a criminal prosecution, instituted with malice and without probable cause against Maher. As set forth above, they together constructed a case against Maher by suppressing, fabricating, failing to disclose, and/or failing to investigate important evidence, and, ultimately, won convictions.

- 34 -

203.    The criminal actions terminated in Maher's favor on April 3, 2003, when Maher's convictions were vacated on the grounds of his actual innocence, due to conclusive scientific evidence that the perpetrator's DNA did not match Maher.

204.    The conduct of Defendants Davis, Sheehan, Grant and Lowell Doe Defendants violated Maher's clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

205.    As a proximate result of the above-referenced conduct, Maher was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly imprisoned for more than 19 years. He suffered and continues to suffer the injuries and damages set forth above.

## Count XIII -- State Tort Law

### Claims Against Defendant Taylor And Ayer Doe Defendants For Malicious Prosecution And Abuse Of Process

206.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

207.    Maher was arrested without sufficient evidence that he was involved in the attack against the Ayer Victim. Moreover, defendants had exculpatory information that they ignored (including, without limitation, the fact that the Ayer Victim was uncertain in her identification, and the fact that an important witness was providing false information to help inculpate Maher). Accordingly, there was no probable cause to arrest Maher.

208.    Defendant Taylor and Ayer Doe Defendants, each of whom was involved in the investigation into the attack on the Ayer Victim and all state actors acting under the color of law, commenced or caused to be commenced a criminal prosecution, instituted with malice and without probable cause against Maher. As set forth above, they together constructed a case

against Maher by suppressing, fabricating, failing to disclose, and/or failing to investigate important evidence, and, ultimately, won a conviction.

209.    The criminal actions terminated in Maher's favor on April 3, 2003, when Maher's convictions were vacated on the grounds of his actual innocence, due to conclusive scientific evidence that the perpetrator's DNA did not match Maher.

210.    The conduct of Defendant Taylor and Ayer Doe Defendants violated Maher's clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

211.    As a proximate result of the above-referenced conduct, Maher was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly imprisoned for more than 19 years. He suffered and continues to suffer the injuries and damages set forth above.

## Count XIV -- State Tort Law

### Claims Against Defendants Davis, Sheehan, Grant And Lowell Doe Defendants For Intentional Infliction Of Emotional Distress

212.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

213.    Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, each of whom was involved in the investigation into the attacks on Lowell Victim 1 and Lowell Victim 2, intended to inflict emotional distress or should have known that emotional distress would have resulted from their failure to properly investigate crimes put before them and refrain from suppressing and/or fabricating evidence against Maher.

214. Defendants Davis, Sheehan, Grant and Lowell Doe Defendants' conduct, which included, among other things, suppressing, fabricating, failing to disclose, and/or failing to properly investigate the claims against Maher, was beyond all possible bounds of decency.

215. Defendants' conduct inflicted great emotional distress on Maher as a result of his imprisonment for more than 19 years with the knowledge that he had not committed the crimes in question.

216. Because of this emotional distress, Maher has suffered numerous debilitating physical, mental and emotional conditions including sleeplessness, paranoia and post-traumatic stress.

217. A reasonable person in Maher's situation, having suffered wrongful arrest, prosecution and conviction would have experienced severe emotional distress as Maher has.

## Count XV -- State Tort Law

### Claims Against Defendant Taylor And Ayer Doe Defendants For Intentional Infliction Of Emotional Distress

218. Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

219. Defendant Taylor and Ayer Doe Defendants, each of whom was involved in the investigation into the attack on the Ayer Victim, intended to inflict emotional distress or should have known that emotional distress would have resulted from their failure to properly investigate crimes put before them and refrain from suppressing and/or fabricating evidence against Maher.

220. Defendant Taylor and Ayer Doe Defendants' conduct, which included, among other things, suppressing, fabricating, failing to disclose, and/or failing to properly investigate the claims against Maher, was beyond all possible bounds of decency.

221.    Defendants' conduct inflicted great emotional distress on Maher as a result of his imprisonment for more than 19 years with the knowledge that he had not committed the crime in question.

222.    Because of this emotional distress, Maher has suffered numerous debilitating physical, mental and emotional conditions including sleeplessness, paranoia and post-traumatic stress.

223.    A reasonable person in Maher's situation, having suffered wrongful arrest, prosecution and conviction would have experienced severe emotional distress as Maher has.

### Count XVI -- State Tort Law

#### Claims Against Defendants Davis, Sheehan, Grant And Lowell Doe Defendants For Negligent Infliction Of Emotional Distress

224.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

225.    Defendants Davis, Sheehan, Grant and Lowell Doe Defendants, each of whom was involved in the investigation into the attacks on Lowell Victim 1 and Lowell Victim 2, had a duty to Maher to properly investigate crimes put before them and refrain from suppressing and/or fabricating evidence against Maher.

226.    Defendants Davis, Sheehan, Grant and Lowell Doe Defendants breached this duty by, among other things, suppressing, fabricating, failing to disclose, and/or failing to properly investigate the claims against Maher.

227.    This breach of duty inflicted great emotional distress on Maher as a result of his imprisonment for more than 19 years with the knowledge that he had not committed the crimes in question.

228.    Because of this emotional distress, Maher had suffered numerous debilitating

physical, mental and emotional conditions including sleeplessness, paranoia and post-traumatic

stress.

229.    A reasonable person in Maher's situation, having suffered wrongful arrest,

prosecution and conviction would have experienced severe emotional distress as Maher has.

### Count XVII -- State Tort Law

### Claims Against Defendant Taylor And Ayer Doe Defendants
### For Negligent Infliction Of Emotional Distress

230.    Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein

and further alleges as follows:

231.    Defendant Taylor and Ayer Doe Defendants, each of whom was involved in the

investigation into the attacks on the Ayer Victim, had a duty to Maher to properly investigate

crimes put before them and refrain from suppressing and/or fabricating evidence against Maher.

232.    Defendant Taylor and Ayer Doe Defendants breached this duty by, among other

things, suppressing, fabricating, failing to disclose, and/or failing to properly investigate the

claims against Maher.

233.    This breach of duty inflicted great emotional distress on Maher as a result of his

imprisonment for more than 19 years with the knowledge that he had not committed the crime in

question.

234.    Because of this emotional distress, Maher has suffered numerous debilitating

physical, mental and emotional conditions including sleeplessness, paranoia and post-traumatic

stress.

235.    A reasonable person in Maher's situation, having suffered wrongful arrest,

prosecution and conviction would have experienced severe emotional distress as Maher has.

## Count XVIII -- State Tort Law

### Claims Against Defendants Davis, Sheehan, Grant And Lowell Doe Defendants, The City Of Lowell And The Lowell Police Department For False Imprisonment

236.   Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

237.   Defendants Davis, Sheehan, Grant, Lowell Doe Defendants, the City of Lowell and the LPD intentionally caused Maher to be wrongly and unjustifiably imprisoned.

238.   As a proximate result of the above-referenced conduct, Maher was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly imprisoned for more than 19 years. He suffered and continues to suffer the injuries and damages set forth above.

## Count XIX -- State Tort Law

### Claims Against Defendant Taylor And Ayer Doe Defendants, The Town Of Ayer And The Ayer Police Department For False Imprisonment

239.   Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

240.   Defendant Taylor, Ayer Doe Defendants, the Town of Ayer and the APD intentionally caused Maher to be wrongly and unjustifiably imprisoned.

241.   As a proximate result of the above-referenced conduct, Maher was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly imprisoned for more than 19 years. He suffered and continues to suffer the injuries and damages set forth above.

## Count XX -- State Tort Law

### Claims Against The City Of Lowell And The Lowell Police Department
### For Negligent Training And Supervision

242.   Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

243.   Defendants City of Lowell and the LPD had a duty to Maher to train and supervise its officers in proper law enforcement techniques.

244.   Defendants breached this duty by failing to train and supervise its officers adequately with regard to conducting proper investigations of crime, disclosing exculpatory and impeachment information to the prosecutor, and not fabricating evidence to support a prosecution.

245.   Defendants' negligent training and supervision of Defendants Davis, Sheehan and Lowell Doe Defendants caused those individuals to fail to properly investigate the claims against Maher and engage in the other affirmative acts and omissions set forth above, and therefore was the direct and proximate cause of Maher's wrongful arrest, prosecution, wrongful conviction and false imprisonment. All of these events caused Maher to suffer the injuries and damages set forth above.

## Count XXI -- State Tort Law

### Claims Against The Town Of Ayer And The Ayer Police Department
### For Negligent Training And Supervision

246.   Plaintiff Maher hereby incorporates fully all of the foregoing as if set forth herein and further alleges as follows:

247.   Defendants Town of Ayer and the APD had a duty to Maher to train and supervise its officers in proper law enforcement techniques.

248.    Defendants breached this duty by failing to train and supervise its officers adequately with regard to conducting proper investigations of crime, disclosing exculpatory and impeachment information to the prosecutor, and not fabricating evidence to support a prosecution.

249.    Defendants' negligent training and supervision of Defendant Taylor and Ayer Doe Defendants caused those individuals to fail to properly investigate the claims against Maher and engage in the other affirmative acts and omissions set forth above, and therefore was the direct and proximate cause of Maher's wrongful arrest, prosecution, wrongful conviction and false imprisonment. All of these events caused Maher to suffer the injuries and damages set forth above.

## Count XXII -- State Civil Rights Statute

### Claims Against Defendants Davis, Sheehan, Grant And Lowell Doe Defendants For Violation Of Massachusetts Civil Rights Act M.G.L. CH. 12, § 11I

250.    Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

251.    Defendants Davis and Sheehan, and Lowell Doe Defendants interfered with Maher's exercise and enjoyment of rights guaranteed to him by the United States Constitution, and the Constitution and laws of the Commonwealth of Massachusetts by, among other things, coaching, coercing or otherwise fabricating evidence against him or causing witnesses to give testimony that would result in his misidentification.

252.    Defendants' misconduct deprived plaintiff of his rights under federal and state law by threats, intimidation and coercion, thereby violating the Massachusetts Civil Rights Act.

253.    As a direct and proximate result of this conduct, plaintiff suffered the injuries as described above.

### Count XXIII -- State Civil Rights Statute

### Claims Against Defendant Taylor And Ayer Doe Defendants For Violation Of Massachusetts Civil Rights Act M.G.L. CH. 12, § 11I

254.    Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

255.    Defendant Taylor and Ayer Doe Defendants interfered with Maher's exercise and enjoyment of rights guaranteed to him by the United States Constitution, and the Constitution and laws of the Commonwealth of Massachusetts by, among other things, coaching, coercing or otherwise fabricating evidence against him or causing witnesses to give testimony that would result in his misidentification.

256.    Defendants' misconduct deprived plaintiff of his rights under federal and state law by threats, intimidation and coercion, thereby violating the Massachusetts Civil Rights Act.

257.    As a direct and proximate result of this conduct, plaintiff suffered the injuries as described above.

### CLAIMS FOR DAMAGES

258.    Defendants' actions deprived Maher of his civil rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the Commonwealth of Massachusetts.

259.    The defendants' unlawful, intentional, willful, purposeful, deliberately indifferent, reckless, bad-faith and/or malicious acts, misdeeds and omissions caused Maher to be falsely

arrested, maliciously prosecuted, unfairly tried, wrongfully convicted, and to suffer almost two decades of wrongful imprisonment.

260.    All the alleged acts, misdeeds and omissions committed by the defendants described herein for which liability is claimed were done intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of defendants meets all of the standards for imposition of punitive damages.

WHEREFORE, Plaintiff Dennis Maher prays as follows:

A.    That the Court enter judgment in favor of Maher and against defendants on all Counts of the Complaint;

B.    That the Court award compensatory damages to Maher and against the defendants, jointly and severally, in an amount to be determined at trial;

C.    That the Court award punitive damages to Maher and against all individual defendants, jointly and severally, in an amount to be determined at trial, in order that such award will deter similar proscribed conduct by defendants in the future;

D.    That the Court award to Maher and against defendants pre-judgment and post judgment interest on all sums awarded him in this action and that it further award to Maher recovery of all of his costs and expenses concerning this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and/or other authority; and

E.    That the Court grant Maher any such other relief to which he may be entitled.

## JURY TRIAL DEMAND

PLAINTIFF MAHER HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES

AND CLAIMS SO TRIABLE.

**DENNIS MAHER,**

By his attorneys,

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 657649)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Telephone: (617) 307-6100
Fax: (617) 307-6101

Dated: March 22, 2006