LEXSEE 47 FED APPX 5


Analysis
As of: Dec 02, 2008

GORDON C. REID, Plaintiff, Appellant, v. GARY SIMMONS, ET AL., Defendants, Appellees.

No. 01-1557

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

47 Fed. Appx. 5; 2002 U.S. App. LEXIS 20749

September 25, 2002, Decided

**NOTICE:** [*1] RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** As Amended October 7, 2002.
US Supreme Court certiorari denied by *Reid v. Simmons,* 157 L. Ed. 2d 170, 124 S. Ct. 237, 2003 U.S. LEXIS 5879 (U.S., 2003)

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE. Hon. Steven J. McAuliffe, U.S. District Judge.
*Reid v. Simmons, 163 F. Supp. 2d 81, 2001 U.S. Dist. LEXIS 5100 (D.N.H., 2001)*

**DISPOSITION:** Affirmed.

**COUNSEL:** Gordon C. Reid, on brief Pro se.

Robert G. Whaland, and McDonough & O'Shaughnessy, P.A., Simmons on brief for Simmons appellee.

**JUDGES:** Before Boudin, Chief Judge, Torruella and Lipez, Circuit Judges.

**OPINION**

*Per Curiam.* Pro se appellant Gordon Reid appeals a district court decision which granted judgment as a matter of law to appellee Simmons on Reid's *42 U.S.C. § 1983* claim for the failure to disclose exculpatory impeachment evidence. We have thoroughly reviewed the record and the parties' briefs on appeal. While we are not in complete agreement with the district court's thoughtful opinion, we agree that the evidence was insufficient as a matter of law to prove that Simmons failed to disclose the evidence in issue either deliberately or with reckless indifference to Reid's constitutional rights. [1] Accordingly, appellant's motion to correct the record is *denied,* [*2] and the judgment of the district court is *affirmed. See* Local Rule 27(c).

    1  We reject Reid's contention that Simmons is procedurally barred from obtaining judgment as a matter of law (JMOL) because he failed to renew his motion for JMOL after resting. *See, e.g., Douglas County Bank v. United Financial, Inc., 207 F.3d 473, 477 (8th Cir. 2000), Alcatel USA, Inc. v. DGI Technologies, 166 F.3d 772, 780-81 (5th Cir. 1999), Pittsburgh-Des Moines Steel Co. v. Brookhaven Manor Water Co., 532 F.2d 572, 575-77 (7th Cir. 1976).*